1813.

## Jones *against* Badger and others.

*Philadelphia, Monday, March 29.*

IN this case, *Sergeant* for the defendants, obtained a rule to shew cause, why a *fi. fa.* issued by the plaintiff's attorney should not be set aside.

The action was in case to *December* Term 1811, and was referred to arbitrators at the instance of the plaintiff, on the 26th of *May* 1812. On the 17th of *September* following, a report was filed, awarding to the plaintiff 10,000 dollars with costs. On the 21st of *September*, the defendants made the requisite affidavit that the appeal was not for the purpose of delay, paid the costs, and with sureties entered into a joint and several recognisance of bail before Mr. *Hennessy*, the commissioner, who entered the appeal on the docquet. On the 23d, *Phillips*, the plaintiff's attorney, excepted to the bail. On the 28th additional bail was entered. The attorney excepted to the additional bail; and on the same day the additional bail, and the sureties in the first recognisance, made oath before the commissioner, that each was worth 7000 dollars, clear of debts, &c., and notice was given to *Phillips* that the cognisors would answer on oath to any questions he might put to them. On the 6th of *October*, another recognisance of bail was entered into before the commissioner, by another surety, who made oath in the same manner, that he was worth 20,000 dollars, and like notice was given that he would answer any questions on oath. On the same day the plaintiff's attorney excepted to this bail, but did not propose any questions. On the 16th of *October* the execution was taken out, although the attorney was previously warned of his irregularity.

The exceptions taken to the appeal, and in support of the execution, were four. 1. That the defendants never entered an appeal, because they did not declare in writing, and file it of record, that they did appeal. 2. That the recognisance of bail was irregular, as the defendants joined with the sureties; and the act of the 20th of *March* 1810, directs that the appellant shall produce one or more sufficient sureties, *who* shall enter into a recognisance &c. 3. That the commissioner

Filing a recognisance, paying costs, and making the proper affidavit, do of themselves constitute an appeal from the award of arbitrators, without filing an order to enter the appeal, or a declaration that the party does appeal. A recognisance in which the defendant and his sureties join, is good, al.. though the act requires only the sureties to enter into it. A recognisance of bail, to appeal, is well taken before the commissioner of bail, though the act directs that the surety shall enter into it with the prothonotary. The rule requiring bail to justify in open Court, either by affidavit taken before the commissioner, or one of the judges, does not apply to bail upon an appeal. An affidavit before the commissioner, with an offer to the opposite party to propose any questions as to the circumstances of the bail, is a sufficient justification.

of bail had no authority to take the recognisance, because the same act required that the sureties should enter into a recognisance *with the prothonotary*. 4. That the bail did not justify either according to the common law, or the rule of this Court, which requires it to be done in open court, either by affidavit before the commissioner, or one of the judges.

After argument by *Sergeant* and *Hopkinson* on behalf of the rule, and *Phillips* and *M·Kean* in support of the execution,

Tilghman C. J. delivered the opinion of the Court.

1. The first exception is void of foundation. The defendants made oath that the appeal was not entered for the purpose of delay, paid the costs, filed a recognisance in nature of special bail, and had an appeal entered on the docquet of the prothonotary. Yet it is said that no appeal was entered; and why? Because the defendants did not file a separate paper, expressly declaring that they appealed. The law requires no such act, nor is it necessary. The entry on the docquet is in all respects sufficient.

2. The second exception is no better than the first. There was no necessity for the defendants joining in the recognisance, but their joining does no harm; because all the cognisors are bound jointly and severally. All that can be said is, that the defendants have given better security than was required by law.

3. The act of assembly directs that when the defendant appeals, " he shall produce one or more sufficient sureties, " who shall enter into a recognisance *with the prothonotary*, " in the nature of special bail, &c." The plaintiff's counsel contend, that it was the intention of the legislature to throw all possible difficulties in the way of an appeal, and therefore the party appealing should be held to a strict compliance with the letter of the law. But inasmuch as the taking away of the appeal, is the taking away of the trial by jury, the great support of the liberty and property of the people, I never can consent to construe this law, under an idea, that the legislature intended to throw unreasonable obstructions in the way of an appeal. On the contrary, if the law is doubtful, I should incline to a liberal construction in favour of an

1813.

JONES
*v.*
BADGER.

appeal. On the point which now occurs, we cannot adhere to the *letter* of the law, because if we do, the prothonotary *himself must be bound* in the recognisance. Let us then seek for the intent, which appears to be plainly this; that the defendants should give sufficient security, in the nature of special bail, to be filed *in the office of the prothonotary*, and that the recognisance should be entered into, before such persons as are legally authorised to take bail in the court where the suit is depending. In the Supreme Court, the persons so authorised are the judges, the prothonotary and commissioners appointed by the Court, by virtue of an act of Assembly vesting them with that power. The recognisances in this case were taken before Mr. *Hennessy*, the commissioner of bail appointed by the Court. They fall therefore within the intent of the law.

4. The last exception is, that when the bail were excepted to, they did not justify according to the rule of this Court. I think it unnecessary to enter into the argument on the rule of court, because I do not conceive that the rule extends to this case. It is a rule made many years ago for the regulation of bail, but not with any view towards cases arising under a law not then in existence, introducing a new and unusual mode of deciding suits at law. This law directs that good and sufficient security in the nature of special bail, shall be entered within twenty days from the filing of the award, and then goes on to prescribe the condition of the recognisance. If sufficient security is entered, the execution is staid; but if not entered, the plaintiff is entitled to an execution. If this Court were now called upon to make a rule for the regulation of the manner of entering security, they would be extremely cautious how they embarrassed the appellant with matters of form, because if that form is not complied with, the appeal is gone. In common cases, if bail is not regularly entered, the defendant remains in jail until good bail is given; when given, he is liberated. So that the consequences of not entering bail in an action at law, and entering security under this act of Assembly, are widely different. The substantial requisite under the act is, that good security be entered in twenty days. This has been done by the defendants, and moreover, they have always appeared anxious to give the plaintiff every reasonable satisfaction both with regard to

the solidity of the bail, and the means of enquiring into their circumstances. I am of opinion, therefore, that the execution was irregularly issued, and that it should be set aside, with costs to the defendants.

Rule absolute.